IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBIN BORDNER,** | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO.: |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| **PA OPTIONS FOR WELLNESS, INC.,** | : |
| | : *ELECTRONICALLY FILED* |
| Defendant. | : |

# COMPLAINT

Plaintiff, Robin Bordner, a resident of Dauphin County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, PA Options for Wellness, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* (the "ADA"), and 28 U.S.C. §1331.

2. This Court has, and should exercise, supplement jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Robin Bordner ("Ms. Bordner"), is an adult individual residing at 40 East Pine Avenue, Elizabethville, Dauphin County, Pennsylvania 17023.

5. Ms. Bordner is disabled as defined by the ADA and the Pennsylvania Human Relations Act, 42 P.S. §951, *et seq.* (the "PHRA").

6. Defendant, PA Options for Wellness, Inc. ("Defendant"), is a Pennsylvania corporation, and at all times relevant and material hereto, was headquartered at 4711 Queen Avenue, Suite 201, Harrisburg, Dauphin County, Pennsylvania 17109.

7. At all times relevant and material hereto, Defendant was an employer as defined in the ADA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

8. On or about October 28, 2024, Ms. Bordner filed a Complaint the Equal Employment Opportunity Commission ("EEOC") docketed as EEOC Charge Number 530-2025-00756, and which was cross-filed with the Pennsylvania Human Relations Commission.

9. Ms. Bordner has been advised of her right to sue in federal court by notice from the EEOC dated September 25, 2025.

10. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

11. Ms. Bordner was hired by Defendant in or around March 2024 to work as a Post-Harvest Packaging Associate at Defendant's facility located at 50 Perry Avenue, Duncannon, Perry County, Pennsylvania 17020.

12. Ms. Bordner always performed her job in a highly competent manner.

13. Throughout her tenure of employment with Defendant, Ms. Bordner suffered from anxiety and depression.

14. These mental health illnesses constitute a disability under the ADA and PHRA because when Ms. Bordner experienced episodes of anxiety and depression she was substantially limited in her ability to work, think, concentrate and communicate with others.

15. At all times during her employment with Defendant, Ms. Bordner was able to perform the essential functions of her job.

16. In or around October 2024, Ms. Bordner provided Defendant with a letter from her mental health counselor indicating that she suffers with the

aforementioned disabilities and requested some reasonable accommodations at work as a result.

17. In response to this letter, Defendant provided Ms. Bordner with a letter dated October 2, 2024, for Ms. Bordner's health care provider to complete. The letter requested more specific information about the accommodation Ms. Bordner would need.

18. Ms. Bordner promptly had her counselor provide a written response to Defendant, providing details of Ms. Bordner's disabilities, the symptoms, and also listing various options for reasonable accommodations, including some additional breaks and the ability to wear earbuds connected to her phone with relaxing music or videos.

19. On or around October 15, 2024, Defendant advised Ms. Bordner that they could not offer Ms. Bordner any accommodations and then subsequently terminated Ms. Bordner.

20. Defendant did not engage in any type of interactive process or ask for any further information from Ms. Bordner's medical provider.

21. Ms. Bordner was discriminated against and wrongfully terminated due to her disability in violation of the ADA and PHRA. Specifically, Ms. Bordner was able to perform the essential functions of her job with reasonable

accommodations, which were unreasonably refused by Defendant, directly resulting in her termination.

## COUNT I

### Violations of the ADA
### Failure to Provide Reasonable Accommodation

22. All prior paragraphs are incorporated herein as if set forth fully below.

23. Ms. Bordner is within the protective class of individuals as designated by the ADA.

24. Ms. Bordner is a qualified individual with a disability.

25. Ms. Bordner's disability substantially limits her ability to perform major life activities. Specifically, Ms. Bordner suffers from anxiety and depression.

26. Ms. Bordner was able to perform the essential functions of her job with reasonable accommodations.

27. Defendant violated the ADA by discriminating against Ms. Bordner because of her disability and need for an accommodation.

28. The illegal discrimination was based in whole or in part upon Ms. Bordner's disability.

29. As a direct and proximate result of the conduct of Defendant in violating the ADA by discriminating against Ms. Bordner on the basis of her disability, Ms. Bordner has been permanently and irreparably harmed and damaged

and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Robin Bordner, demands that the Court declare the conduct engaged in by Defendant, PA Options for Wellness, Inc., to be in violation of Plaintiff's rights under the Americans with Disabilities Act and award all compensatory damages, damages for failure to provide reasonable accommodation, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, damages for emotional distress, punitive damages, reasonable attorneys' fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay, together with any other relief available under the Americans with Disabilities Act.

## COUNT II

### Violation of the PHRA

30. All prior paragraphs are incorporated herein as if set forth fully below.

31. This is an action arising under the provisions of the PHRA, and this Court has, and should exercise, pendant jurisdiction over the same because the causes or actions complained of in this Count II arise out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

32. By discriminating against Plaintiff on the basis of her disability, Defendant violated the provisions of Title 43 P.S. § 955, which prohibit discrimination based upon a disability.

33. As more fully set forth in Count I, Plaintiff has suffered directly and solely as a result of Defendant's actions, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Robin Bordner, respectfully prays that judgment be entered in her favor and against Defendant, PA Options for Wellness, Inc., for all of the relief sought in Count I, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**Weisberg Cummings, P.C.**

November 19, 2025  
Date

/s/ *Larry A. Weisberg*  
Larry A. Weisberg (PA 83410)  
lweisberg@weisbergcummings.com

/s/ *Derrek W. Cummings*  
Derrek W. Cummings (PA #83286)  
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA #313550)
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA # 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*
